## THE STATE v. DAY, Appellant.

**Division Two, May 16, 1905.**

1. **CARNAL KNOWLEDGE:** Corroboration. In a prosecution un-
der the carnal knowledge statute (sec. 1838, R. S. 1899), it is
not essential that the testimony of the prosecutrix as to the
fact of intercourse be corroborated in order to sustain a convict-
ion.

2. ———: Consent. In a prosecution for carnal knowledge, the
consent of the female, if she is under the age of eighteen years,
does not affect defendant's criminality.

3. ———: Conflicting Evidence: Province of Jury. Where, in a
prosecution for carnal knowledge, the evidence shows that de-
fendant had ample opportunity to commit the offense, and the
prosecutrix testifies unequivocally as to the intercourse, and

defendant denies it, it is the province of the jury to weigh the evidence and credit that which they believe to be the more credible, and the appellate court will not, in such case, interfere with their verdict.

4. ———: **Age of Prosecutrix: Conflict in Testimony.** Where, in a prosecution for carnal knowledge, the testimony of the father, the mother and the family Bible all concurred in establishing that prosecutrix was under eighteen years of age, it was for the jury to determine whether the evidence of school registers as to her age was sufficient to overcome the parents' evidence.

5. **INSTRUCTION:** Covered by Others. Where the court by its instructions has fully and fairly given the defendant the benefit of every reasonable doubt, and required the jury to find every substantial element of the offense, it is not error to refuse an instruction, asked by defendant, covering the same questions.

6. **CARNAL KNOWLEDGE:** Reputation of Prosecutrix: Time: Incompetent Witness. In a prosecution for carnal knowledge of an unmarried female between the ages of fourteen and eighteen years, questions put to witnesses as to her reputation for chastity should be confined to the time prior to the charge, and evidence as to her reputation two months before the trial, and after the offense was committed, was properly excluded. And where a witness who is asked as to her reputation for chastity prior to the time of the offense, evades the question by answering, "What I heard was bad," and is then compelled to admit that just one person told him, such witness is not competent to prove reputation.

Appeal from Johnson Circuit Court.—*Hon. Wm. L. Jarrott*, Judge.

AFFIRMED.

*J. W. Suddath* for appellant.

(1)   Evidence of bad reputation for chastity is always admissible to affect the credibility of a witness. State v. Raven, 115 Mo. 419; State v. Weeden, 133 Mo. 70; State v. Sibley, 131 Mo. 531, 132 Mo. 102; State v. Duffey, 128 Mo. 549; Markham v. Herrick, 82 Mo. App. 32. (2) In a prosecution for carnal knowledge of a female between fourteen and eighteen years of age, evidence of bad reputation for chastity of the prosecuting

witness after the act is admissible to affect her credibility as a witness, after she has testified.   State v. Babst, 131 Mo. 328; State v. Summar, 143 Mo. 330; McKern v. Calvert, 59 Mo. 243.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State; *Chas. E. Morrow* of counsel.

(1) Every question of law sought to be presented in the refused instructions, as applicable to the facts in evidence, was embodied in instructions given by the court, which correctly and fully covered all the law of the case. And ''where the instructions given are correct and fully cover the case, it is not error to refuse defendant's instructions.''   State v. Frank, 159 Mo. 535; State v. Atchley, 84 S. W. 984; State v. Nelson, 166 Mo. 191; State v. Bradford, 156 Mo. 91.   (2) The court did not commit error in limiting the inquiry as to the chastity of the prosecutrix to the time of the arrest of defendant.   State v. Knock, 142 Mo. 515; Bookhout v. State, 66 Wis. 415; People v. Brewer, 27 Mich. 134.

GANTT, J.—The defendant was charged, by information filed in the circuit court of Johnson county, with the crime of having carnal knowledge of an unmarried female, Jennie Arwood, of previously chaste character, between the ages of fourteen and eighteen years, at said county, on the 20th day of July, 1903. Upon a plea of not guilty, he was put upon his trial, convicted, and his punishment assessed at two years in the penitentiary.   From that judgment defendant appealed to this court.

The errors complained of in the motion for a new trial, in addition to the general grounds, are:  That error was committed in admitting incompetent evidence offered by the State, and in excluding competent evidence offered by the defendant; and in giving instruct-

ions for the State, and in refusing instructions asked by the defendant.

There was also a motion in arrest of judgment, containing the usual grounds.

The evidence on the trial tended to prove the following facts:

Jennie Arwood, the prosecuting witness, was born in the State of Tennessee, March 7, 1886, and in the year 1902, with her father, step-mother, three half-brothers and one half-sister, moved to Johnson county, Missouri. During the summer of 1903, covering the date of the offense charged, A. J. Arwood, father of Jennie Arwood, and his family lived on a farm rented from the defendant's father and located about six or seven miles southeast of the city of Holden in said county. Before moving on said farm, he had lived in a house rented from the defendant.

The defendant, Frank Day, was a married man, about thirty-five years of age, and in the summer of 1903, lived in the city of Holden. During that year he was a mail carrier on a rural route, which passed along the home of A. J. Arwood and his family. In driving over his route he would arrive at the home of the prosecutrix about 11:30 a. m. each day. There he usually fed his team and ate dinner with the Arwood family.

In the latter part of May, 1903, the defendant got permission from Jennie Arwood's parents to take her to his home in Holden to help his wife, who, he said, was not well. The prosecutrix remained but a few days in Holden. While she was riding with the defendant going to Holden and again in returning to her home, the defendant asked her "to be his next woman," and took improper liberties with her person. A few days after the prosecutrix returned from Holden, being about the first day of June, 1903, the defendant, as usual, stopped at the Arwood home for dinner. Mrs. Arwood was in town, Jennie's father was out in the field at work, and the younger children were with him.

The prosecutrix was in the house alone preparing the dinner. The defendant went to the house and after making improper advances to the prosecutrix, took hold of her, pulled her from the kitchen into the bedroom and there had sexual intercourse with her. He again had such intercourse with the prosecutrix at three or four different times thereafter during the summer. At one time he went to the Arwood home on Sunday when the parents of the prosecutrix were away. The younger children and Jennie were at home. The defendant took Jennie into his cart and drove out in the woods for the same purpose and with the same result. A child was born to the prosecutrix on the 28th day of February, 1904. There was evidence that the prosecutrix was an unmarried female; that she was over fourteen and under eighteen years of age, and of previous chaste character.

The defendant denied all of the incriminating evidence introduced by the State, also offered evidence tending to prove that the prosecutrix was over the age of eighteen years at the time of the alleged offense, and that she was not of previous chaste character.

The information, omitting caption, is as follows:

"Charles E. Morrow, prosecuting attorney within and for the county of Johnson in the State of Missouri, now here in court, on behalf of the State of Missouri, informs the court: That Frank Day, late of the county aforesaid, on the 20th day of July, 1903, at the county of Johnson, State of Missouri, aforesaid, did unlawfully and feloniously make an assault upon one Jennie Arwood, he, the said Frank Day, being then and there a person over the age of sixteen years and she, the said Jennie Arwood, being then and there an unmarried female of previously chaste character, and between the ages of fourteen and eighteen years of age, to-wit, of the age of seventeen years; and her, the said Jennie Arwood, he, the said Frank Day, did then and there

unlawfully and feloniously have carnal knowledge of and abuse against the peace and dignity of the State.

"CHAS. E. MORROW,

"Prosecuting attorney within and for Johnson county, Missouri.

"Chas. E. Morrow, prosecuting attorney within and for the county of Johnson in the State of Missouri, makes oath and says that the facts stated in the foregoing information are true according to his best information and belief.          CHAS. E. MORROW.

"Subscribed and sworn to before me this 8th day of February, 1904.          W. H. HENSHAW,

"Clerk circuit court of Johnson county, Missouri."

A reversal of the judgment in this case is asked on three grounds: *First*. That the verdict is so clearly the result of passion or prejudice that it ought not to be permitted to stand; that it is in the teeth of the credible evidence and the story of the prosecutrix is not to be believed; second, that the court erred in refusing defendant's instruction "C;" third, because the court excluded certain evidence as to the general reputation of the prosecutrix.

These assignments will be considered in the above order.

I. This is a prosecution under section 1838, Revised Statutes 1899. Unlike the statutes for the prosecution of perjury and seduction, it is not essential that the testimony of the prosecutrix shall be corroborated in order to sustain a verdict. [State v. Marcks, 140 Mo. 664; Boddie v. State, 52 Ala. 395.]

Neither does the consent of the injured female, if she is under the age of eighteen years, affect the criminality of the defendant's act in having sexual intercourse with her. [State v. Knock, 142 Mo. 522; State v. DeWitt, 186 Mo. 61; State v. Hamey, 168 Mo. l. c. 198; State v. Hunter, 171 Mo. 435.]

Counsel for defendant, both in his oral argument and brief, earnestly assails the testimony of the prose-

cutrix as unreasonable and incredible, and dwells at much length on the failure of corroboration. Doubtless he pressed all these considerations on the jury, upon whom the duty devolved of passing upon the reliability of her testimony. We might content ourselves with saying this was purely a question of fact for the jury, inasmuch as no one will question for a moment that if the jury believed her testimony it was abundantly sufficient to support the verdict, but it occurs to us that there was no such absence of corroboration as counsel deems there was. That the father of the prosecutrix lived on the route which defendant daily traversed in carrying the mail, and that defendant daily stopped at her father's house to feed his team and take his own dinner, is conceded; that defendant had availed himself of her services in the spring of 1903, to help his wife for several days, is also admitted. That soon after her return home from defendant's home, the defendant found the prosecutrix entirely alone, her mother absent in Holden on a shopping expedition, and the father at work a half mile from the house and the smaller children in the field with him, appears by the testimony of the father and mother as well as of the prosecutrix. That the defendant, if so minded, had an opportunity to commit the offense is not to be disputed. She testified unequivocally to the intercourse on that occasion and defendant denies it. In the nature of things they were the only two witnesses who could know the fact. The jury saw these two witnesses, had an opportunity of observing their demeanor on the witness stand, and it was their province to weigh and determine the evidence and credit that which they thought the more credible. That the prosecutrix established a character for chastity prior to this occurrence or series of occurrences which she detailed, there can be little doubt. The defendant sought to show that the prosecutrix was over eighteen at the time of the intercourse, but here again the testimony of the father, the mother

and the family Bible all concurred in establishing she was under eighteen, and it was for the jury to determine whether the evidence of the school registers in Tennessee was sufficient to overcome the parents' evidence. It is not our province to disturb this finding. It must be held that there was sufficient evidence to support the verdict.

II.   Error is assigned upon the refusal of instruction designated "C" prayed by defendant. That instruction is in these words:

"The court instructs the jury that it devolves upon the State to show, by the evidence, to the satisfaction of the jury beyond a reasonable doubt every material fact necessary to constitute the crime with which the defendant stands charged; and if the jury have a reasonable doubt, arising from the insufficiency of the evidence, of the existence of any one of the material facts going to make up the offense, then the jury will acquit."

The court had already instructed the jury as follows:

"3.   If you have a reasonable doubt of defendant's guilt you should acquit; but a doubt, to authorize an acquittal on that ground, ought to be a substantial doubt touching defendant's guilt, and not a mere possibility of innocence."

"1.   The court instructs the jury that the information in this case is a mere form of accusation against the defendant required by law to be made before one can be placed upon trial, and is of itself no evidence against the defendant. The law presumes the innocence and not the guilt of the defendant. This presumption abides and continues with him throughout the trial until overcome by evidence which establishes his guilt beyond a reasonable doubt, and the burden of proving his guilt and every fact necessary to constitute the crime with which defendant stands charged rests upon the State."

"2.   The court instructs you that before you can
convict the defendant, the State must prove beyond a
reasonable doubt, first, that the said Jennie Arwood
was over the age of fourteen and under the age of
eighteen years; second, that she was unmarried and of
chaste character prior to the date of the act charged;
and third, that the defendant had carnal intercourse
with her, and unless the State has proven each and
every one of these propositions beyond a reasonable
doubt, then you must find the defendant not guilty; or,
if you have a reasonable doubt as to the truth of either
one of said three propositions then you will find the de-
fendant not guilty."

It will be observed that the court fully and fairly
gave the defendant the benefit of every reasonable
doubt and having done so, it was not called upon to
multiply the instructions.  There was no necessity for
the instruction "C" which the court refused.  It could
not possibly have added anything to those already
given as above noted.

III.   Lastly, it is insisted the court erred in ex-
cluding the testimony of Frank E. Snyder, a witness
for defendant, as to the general reputation of the prose-
cutrix in that community for morality and chastity.
When this general question was propounded to the wit-
ness, an objection was made by the prosecuting attor-
ney that the inquiry should be confined to the time
prior to this incident.  The court by its ruling limited
the question as to her character for chastity prior to
the arrest of the defendant on this charge.  Defendant
excepted.  Then the following question was asked: "Q.
Prior to the arrest of Frank Day, and prior to the
charge by defendant against Frank Day, do you know
what her general reputation was for morality and
chastity in that neigborhood?   A.   Only what I have
heard.  Q. Do you know what that was?  A. Yes, sir.
Q.  Was it good or bad?  A.  What I heard was bad."
Cross-examination:  "Q.  He asked the general repu-

tation; do you say her general reputation was bad? A. Only what I have heard. Q. Did you hear people generally say that it was bad? A. Just one person told me."

By Mr. Morrow: "I move to strike that out."

By the court: "Sustained."

The information was filed in this case on February 10, 1904, and the trial was commenced on April 5, 1904. The time excluded by the court was one month and twenty-five days, next before the trial. The child was born February 28, 1904.

It is obvious that the circuit court properly excluded the evidence of this witness. He had not qualified himself to speak as to the general reputation of the prosecutrix for virtue and chastity. He did not state he knew her reputation prior to the arrest of defendant but evaded the question by answering, "What I heard was bad," and then was compelled to admit that "just one person had told him." But we hold there was no error in excluding the evidence as the reputation of the prosecutrix for chastity during the two months prior to the trial, on the ground that it would have amounted to nothing. At that time the fact that she, a single woman, had been debauched, was self-evident. [State v. Knock, 142 Mo. 515.]

The decisions of other States are in harmony with our ruling in Knock's case.

Judge COOLEY, in People v. Brewer, 27 Mich. 134, states the rule and the reason for it, as follows:

"The first error assigned relates to the refusal of the court to allow the defendant to give evidence that the reputation of the complaining witness for morality and virtue in the neighborhood where she resided was bad. Questions were put to several witnesses for the avowed purpose of drawing out such evidence, but in every instance the time inquired about was the time of trial. It does not, therefore, become necessary for us to consider whether the woman's reputation at the time

or previous to the alleged offense could be proved or not, as it is manifest that her reputation in that regard would be injuriously affected by the offense itself when made known, so that if the bad reputation could be made use of by the defense, the very crime would become the means of protecting the criminal, and the more notorious the seduction the more certain would be the immunity from punishment.''

In Bookhout v. State, 66 Wis. 415, the court said:

''The character for chastity of a woman who appears in court to affiliate her bastard child is pretty effectually impeached without further proof on the subject.'' And in that case it was held not to be error to refuse evidence as to her chastity.

It is too plain for discussion that the action of the court in limiting the time to the period prior to the arrest of defendant did not and could not possibly have changed or affected the verdict of the jury, even if the witness had been qualified to testify on the subject, but it is perfectly apparent he was not competent to speak on the matter, having heard one person only speak of the matter, and, for all that appears, that conversation might have occurred after the debauching of the prosecutrix had become notorious in the neighborhood.

This case was well and ably tried by counsel on both sides and we find no error in the rulings of our learned brother on the circuit bench.

The judgment must be and is affirmed. *Burgess, P. J.,* absent; *Fox, J.,* concurs.