Wanamaker, J.
Section 12413, General Code, reads: “Whoever has carnal knowledge of his daughter, sister, or a female person under twelve years of age, forcibly and against her will, shall be imprisoned in the penitentiary during life; and whoever has carnal knowledge of any other female person, forcibly and against her will shall be imprisoned in the penitentiary not less than three years, nor more than twenty years.”
The body of the indictment in this case, drawn under this section of the statute, reads as follows:
“Bert Labus, late of said County, on or about the 14th day of October, in the yeár of our Lord one thousand nine hundred and nineteen, at the County of Jefferson aforesaid, in and upon one C. L., then and there being a female person, unlawfully and violently did make an assault upon her, the said C. L., then and there forcibly and against *28 her will, unlawfully did ravish and carnally know, she, the said C. L., then and there being the daughter of the said Bert Labus, and the said Bert Labus then and there well knowing the said C. L. to be his daughter.”
Section 13023, General Code, defines incest as follows:
“Whoever, being nearer of kin by consanguinity or affinity than cousins, having knowledge of such relationship, commits adultery or fornication together, shall be imprisoned in the penitentiary not less than one year nor more than ten years.”
The sole and simple question is, Under the law of Ohio should the court have given the charge submitted by the defendant in reference to Section 13023, relating to incest, where there is a single count in the indictment charging rape under Section 12413?
It is suggested in the brief of the defendant in error that said request No. 7 was based upon the law as laid down in the case of Straub v. State, 17 O. C. D., 50. The first proposition of the syllabus is the only one that seems to have any relevancy to this case. It reads:
“1. Proof of rape under Sec. 6816 Rev. Stat„ no bar to conviction for incest under Sec. 7019 Rev. Stat. A person indicted under Sec. 7019 Rev. Stat. for incest against his daughter, cannot escape conviction by showing that in committing the offense he also committed the crime of rape (Sec. 6816 Rev. Stat.), in that the daughter was under the age of consent, or was overcome by force and violence.”
*29 The indictment in the Straub case was for incest, under which statute, then Section 7019, Revised Statutes, now Section 13023, General Code, the claim was made that if the evidence showed, as was contended by the defendant in the trial court, that force and violence were used by the defendant, and there was no consent upon the part of the prosecutrix, that the crime of incest had not been proved, and that the defendant should go acquitted.
The then Ohio circuit court, affirming the judgment of the court below, denied that claim, and this language appears at page 55 of the opinion:
“It would seem a strange rule of law, that a man indicted for incest might escape conviction and secure an acquittal, by satisfying the jury that he overcame the woman by force and violence. That seems to be the view of 'the supreme court of Oregon. We hold in favor of the state and against the plaintiff in error upon this proposition.”
It plainly appears, therefore, that the question in the Straub case was whether or not the carnal knowledge with the daughter was any the less incest because force and violence were used by the defendant than it would have been had there been no force and violence used, because the prosecutrix had given her voluntary consent. The court sensibly and soundly said, no, it is incest just the same.
The Straub case has no direct relevancy here, inasmuch as the charge there was incest. The charge here is rape. No doctrine would be more dangerous than to hold that because the charge was only incest, but the proof showed rape, that therefore, where the charge showed rape, the proof might *30 show and warrant a conviction for incest. It is the old fallacy that because all men are animals it must follow that all animals are men.
A very similar case, much relied upon by the defendant in error, is State v. Robinson, 83 Ohio St., 136. This was also an indictment charging incest; not rape. The first proposition of the syllabus reads:
“Under Section 7019, Revised Statutes, making it incest for persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, to commit adultery or fornication together, the crime may be committed with or without the consent of the woman, and it is not prejudicial error for the court to charge the jury that if they find beyond a reasonable doubt that an act of sexual intercourse took place that consent on the part of the female is presumed.”
In this case John Robinson was charged with the crime of incest with his sister-in-láw. He was found guilty by a jury. The supreme court opinion in the case says, page 139:
“The court in charging the jury assumed that it would be the duty of the jury to acquit the defendant if the proof showed the defendant guilty of rape, and instructed the jury to the effect that if the act of sexual intercourse was proven beyond a reasonable doubt, consent on the part of the female would be presumed unless it was proven that such force was used as made the defendant guilty of rape.”
In the opinion,- on the same page, it is further said:
*31 “In some states it is held that to constitute the crime of incest the consent of both parties is essential, that it is a joint oifense, and that both parties must be guilty. This conclusion is based upon the use of the words ‘with each other,’ ‘together,’ or similar words in defining the crime. But in the great majority of the states it is held that the consent of both parties is not essential and that a defendant may be convicted of incest though he-use such force as makes it rape. We think the better reason is with the majority. The essence of the crimes of fornication, adultery, incest and rape, is unlawful sexual intercourse.”
The court in the opinion cites with approval the case of People v. Stratton, 141 Cal., 604, where it is said:
“Where both the circumstances of force and consanguinity are present, the object of the statute being to prohibit by punishment such sexual intercourse, it is not less incest because the element of rape is added.”
The opinion in the Robinson case further says, at page 141:
“Consent on the part of the woman not being essential to the defendant’s guilt, it is evident that the defendant was not prejudiced by the instruction of the court that consent was presumed.”
There was no dissent in the supreme court of Ohio as to the doctrine of the Robinson case.
Our criminal practice in Ohio is very largely a matter of statute, and especially the statute warranting juries in returning verdicts in so-called in *32 ferior or lesser degrees of crime than the one literally charged in the indictment.
The statute in question in this case is Section 13692, General Code:
“Upon an indictment, the jury may find the defendant not guilty of the offense charged but guilty of an attempt to commit it, if such an attempt is an offense at law. When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof. If the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly.”
Obviously the only question here, under this section, is whether the crime of incest is comprehended within the crime of rape within the meaning of the statute, where it says:
“When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof.”
Does the offense charged include different degrees? If so, is incest an inferior degree to the offense of rape, as charged in the indictment? Technically or literally, it must be admitted that the statute under which the indictment is drawn wholly disregards different degrees of that crime, and in no wise regards incest as included within rape, because an inferior degree of rape.
Rape and incest are recognized in the Crimes Act as wholly different classes- of offenses, or inde *33 pendent crimes. Section 12413, General Code, the rape statute, is classified in the Crimes Act under Chapter 3, Title I, Part Fourth, as “offenses against the person.” It follows very closely the various sections of the statute relating to the different species of homicide, the major crime against the person, while the incest statute, Section 13023, General Code, is in an entirely different class of crimes. It is found in Chapter 12, Title I, Part Fourth, and is classified in “offenses against chastity.”
The doctrine of inferior degrees has never been applied by our courts to crimes which are inherently and essentially so different in their nature, character and atrocity as to belong to an entirely different class of crimes.
This doctrine was applied by the supreme court to a charge of pocket-picking, in State v. Whitten, 82 Ohio St., 174, the syllabus of which reads:
“The defendant in error was being tried on an indictment for pocket-picking, which act is made criminal by the provisions of Section 6818, Revised Statutes, and he requested the court to charge the jury as follows: ‘You may find the defendant not guilty of the offense charged, but guilty of petit larceny.’ The court refused to so charge. Held: not error.”
Price, J., in the opinion, at page 182, uses this language:
“It is argued for this special charge, that stealing or larceny is an element in the crime of pocket-picking, and an offense of a lesser grade, meriting less severe penalty. The first part of the proposi *34 tion may be true, but the element of stealing is in many other distinct offenses, such as robbery, and burglary. See Sections 574 and 575, McClain on Criminal Law. But this furnishes no sufficient justification for the request in the present case, if the charge in the indictment is an offense distinct from and independent of the crime of larceny, and we find that it is so independent and different in character.”
Likewise, in discussing the class of crimes* it was noted in the opinion by Judge Price that the crime of pocket-picking was classified in Chapter 3, relating to “Crimes against the person,” while larceny was classified in a separate chapter, then Chapter 4, under the title of “Crimes against-property.”
You cannot intelligently and consistently speak of one crime being of inferior degree to another where they belong to different and independent classes of crime. Necessarily, therefore, the language of this statute is confined to a narrow circle of cases. It can in the first instance relate only to those that belong to the same class of offenses. Second degree murder, manslaughter, assault and battery, and assault, are all comprehended within the charge of murder in the first degree, because they are all offenses against the person, and all the elements of each are included in the charge of murder in the first degree.
In the popular sense, naturally, incest would be regarded as inferior in degree to rape, but that is not the legal significance attached to these words in criminal practice.
*35 But this charge, request No. 7, should not have been given for another reason. It was not a correct statement of the law. It made a pardoning board out of the jury, and practically said to them, “No matter what the evidence shows, you can find the defendant not guilty of rape, though proven so beyond a reasonable doubt, and return a verdict of guilty as to incest.”
The court might just as well charge the jury in a clear first degree murder case: “You may find the plaintiff not guilty of murder in the first degree, and may find him guilty of assault and battery.”
The jury were given no principles of law or rules for weighing the evidence in determining their verdict touching request No. 7, and the whole subject was left merely to their pleasure or their whim, without regard to the evidence.
But, in the opinion of a minority of the court, there is another reason why request No. 7 should not have been given. The prosecutrix in this case was not only the daughter, but a mere child of tender years, twelve years of age at the time of the brutal assault. She was clearly under the age of consent. Section 12415, General Code, reads:
“Whoever, being eighteen years of age, attempts to carnally know and abuse a female person under sixteen years of age, with her consent, shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.”
As a matter of public policy the legislature has fixed the age of consent as to female persons at sixteen years of age, and, under that age, not only as *36 a matter of general public policy but as statutory denouncement, a prosecutrix is in law not capable of consent.
This doctrine is announced in 33 Cyc., 1424:
“Intercourse with a female under the age of consent at common law, or as thus fixed by the statute of the state in which the offense occurs, is rape, whether she consents or not, as she is in law incapable of consent.”
A large number of authorities are cited in support of this doctrine, from Alabama,. Arkansas, Colorado, Connecticut, Georgia, Indiana, Iowa, Kansas, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, and a great majority of the leading states of the union. Among them a few are noted as follows:
In Addison v. People, 193 Ill., 405, in which it is held: “The purpose of the statute is that a girl under fourteen years of age shall be incapable of consenting to an assault upon her for the purpose of carnal intercourse.”
Hanes v. State, 155 Ind., 112:
“Furthermore, any touching of the person of a female child under the age of fourteen years, with intent to perpetrate upon her- the act of sexual intercourse, is, and necessarily must be, in legal contemplation, without her consent, for she can give no consent that will make the act lawful.”
State v. Day, 188 Mo., 359:
“In a prosecution for carnal knowledge, the consent of the female, if she is under the age of eighteen years, does not affect defendant’s criminality.”
*37 White v. Commonwealth, 96 Ky., 180:
“The statutory offense of carnally knowing a female under twelve years of age may be committed even though the female nominally consents, as she is not in legal contemplation capable of consenting.”
This same doctrine was announced in State of Ohio v. Carl, 71 Ohio St., 259. The syllabus of that case reads:
“On the trial of an indictment under section 6816, Revised Statutes, for carnally knowing and abusing a female person under the age of sixteen years with her consent, the evidence having established the carnal knowledge and the alleged ages of the parties, evidence tending to show that the act was committed without consent does not constitute a fatal variance.”
In the Straub case, supra, and the Robinson case, supra, the indictment was for incest. The indictment in the Carl case was for rape, and upon exceptions of the prosecuting attorney to the ruling'of the trial court, which held there was a fatal variance, the supreme court of Ohio sustained the exceptions and held that the offense was none the less rape, because the prosecutrix, being under age, was proven not to have given her consent.
Judge Shauck, speaking for the court, said at page 265 of the opinion:
“The ruling of the judge of the court of common pleas must have been prompted by the view that the phrase ‘with her consent’ defines an essential element of the crime charged. At least that view pervades the brief in support of the ruling. To justify *38 the ruling it is essential that the view be maintained since a variance is a disagreement between the allegations and the proof in an essential matter. In this view the omission of the phrase 'with her consent’ would have rendered the indictment fatally defective because of the failure to charge an essential element of the crime. It imputes to the legislature an intention to make an act of the character of this a crime if committed with consent, although under the circumstances it would not be if committed without consent. Obviously the terms of the statute do not require that it be so astonishingly interpreted. In this regard the effect of the statute is to nullify the consent of the female under sixteen years of age. It is as if with respect to such persons the provision was that the crime shall he complete notwithstanding her consent.”
As Judge Shauck well said the effect of the statute is to nullify the consent of the female under sixteen years of age. If now that consent be nullified by the statute, she must be incapable of consent, and therefore under the undisputed facts in this case, when carnal knowledge was proven, the crime was rape, and could not consistently be incest, any more than a clear case of murder in the first degree could be mere assault and battery.
The force and violence necessary in rape is naturally a relative term, depending upon the age, size and strength of the parties and their, relation to each other; as the relation between father and daughter under twelve years of age. With the filial obligation of obedience to the parent, the same degree of force and violence would not be required *39 upon a person of such tender years, as would be required were the parties more nearly equal in age, size and strength. But in the case at bar, there are sufficient threats, fright, intimidation and the like, coupled with the unnatural and atrocious act, to overwhelmingly prove the necessary force and violence to constitute rape, wholly independent of the presumption that the prosecutrix was incapable in law of consenting to such violence.
The only regret that this court could feel in the present case is that the punishment is wholly inadequate to the atrocious character Of the crime.
The judgment of the court of appeals is reversed, and the judgment of the court of common pleas is affirmed, and the cause is remanded for further proceedings according to law.
Judgment of the court of appeals reversed, and that of the court of common pleas affirmed.
Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.