CASE 62—INDICTMENT—NOVEMBER 13.

# Heilman v. Commonwealth.

APPEAL FROM HENDERSON CIRCUIT COURT.

| 84 | 457 |
| 113 | 800 |
| 113 | 801 |
| 84 | 457 |
| 125. | 390 |
| 84 | 457 |
| 128 | 765 |

1. THE LAW PRESUMES THAT A BOY UNDER FOURTEEN YEARS OF AGE IS INCAPABLE OF COMMITTING A RAPE, but that presumption is not conclusive.

2. A CHILD UNDER SEVEN YEARS OF AGE IS CONCLUSIVELY PRESUMED TO BE INCAPABLE OF THE COMMISSION OF CRIME, but between the ages of seven and fourteen this presumption is only *prima facie*.

3. INSTRUCTIONS.—It is the duty of the trial court in a criminal case to see that the whole law of the case is given to the jury.

THOMAS E. WARD FOR APPELLANT.

1. When it is sought to enforce any rule of the common law in Kentucky, it must first be shown that it was established and recognized as the common law of England in 1603: (Ray v. Sweeney, 14 Bush, 9; Constitution of Kentucky, art. 8, sec. 8.)

2. In order to establish the offense of having carnal knowledge of a woman at common law, it is necessary to show both penetration and emission. (Crimes Act, 9 George IV; 24 and 25 Victoria, chap. 100, sec. 63; Williams v. The State, 14 Ohio, 222.)

3. Infants under 14 years old are presumed in law to be impotent, and wanting in discretion, and no evidence is competent to overcome this

presumption, and convict of rape or having carnal knowledge.  (Roscoe's Criminal Evidence, p. 805, edition 1866; Wharton's Criminal Law, vol. 1, sec. 61; *Ibid.*, vol. 3, sec. 1134; 1 Hale, 630; 4 Blackstone, 212; 3 Greenleaf, sec. 215, 7th edition, 1866.)

4. In any prosecution of an infant under 14 years old for a felony, the Commonwealth must show by proof that the infant knew when he committed the act that he was doing wrong, and that he was liable to be punished.   (Willett v. Commonwealth, 13 Bush, 230; McClure v. Commonwealth, 81 Ky., 448; Bishop's Criminal Law, secs. 368, 370, 371 and 372.)

5. Upon a trial for rape, the court should give the whole law upon that subject.  (Bethel v. Commonwealth, 4 Ky. Law Rep., 487.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Under an indictment for the rape of a child under twelve years of age, the appellant, George Heilman, has been convicted and sentenced to the penitentiary for ten years for carnally knowing a child under that age.   The evidence tends strongly to show that he was between eleven and twelve years of age at the time of the alleged commission of the offense.   The jury were, in substance, told that a boy over fourteen years of age is presumed in law to be capable of the act, but incapable if under that age; but if they found, from the evidence, that the appellant was at the time under that age, and yet physically capable of the act, then they should convict him of rape, if done with force; and if not, then of carnally knowing the child.   No instruction whatever was given upon the question whether he, at the time, had discretion and mind enough to know the wrongful character of the act.

By the common law, a child under seven years is conclusively presumed to be incapable of the commission of crime.   Within that age he is absolutely presumed to be *doli incapax;* between seven and fourteen he is so only *prima facie,* and the maxim applies,

*malitia supplet aetatem.*   In the latter case, his criminal mental capacity may be shown; and the question is whether there was a guilty knowledge of wrong-doing.   The age of fourteen years is known under the common law as that of discretion; but by it, if it appears that an infant under that age, but over seven, has mind to distinguish between good and evil, as if a child twelve years old kill another and then hide the body, he is liable to conviction.   In such a case, it must be left to the jury to say whether the accused did the act, and if so, whether he had a guilty knowledge of it; and the intent, instead of being inferred, as in the case of one over fourteen years of age, must be proven.   Indeed, it has been said by perhaps the most eminent common law writer: "The evidence of that malice which is to supply age ought to be strong and clear, beyond all doubt and contradiction."

The presumption in his favor when under seven years of age is indisputable; but it is reasonable that from that time until he arrives at the age of discretion, the presumption in his favor should diminish.   It is, however, a rule of the English common law that a boy under fourteen is conclusively presumed to be incapable of committing a rape, the malice not supplying the age as to it as in other crimes.   This doctrine has been adhered to in some of the States, and under it no evidence is admissible to show that the accused has in fact arrived at puberty, and could commit the offense.

It is, therefore, urged in this case that the jury should have been peremptorily instructed to acquit the accused.   This rule, however, is but an arbitrary one, and must often allow the knowingly guilty to escape

punishment. It can not, therefore, be said to be the perfection of reason ; and in this country, with its diversity of race, climate and condition, all affecting human development, it should be rejected ; and evidence that the accused is under fourteen should be held to raise a presumption of his incapacity only, subject to be overthrown by testimony. Certainly one who has positive capacity to commit the crime, and acts understandingly, should not be allowed to escape punishment, even if to do so requires a departure from a long established rule.

The English rule, however, proceeds upon the ground of impotency rather than discretion, because an infant under fourteen may, under it, be convicted of aiding in the offense. It is there based upon their observation and experience as to their own social life, race and condition. Their climate, condition and habits vary from ours, and their population is mostly composed of the same race ; and it is well known that in the cold countries of Northern Europe it is almost invariably the case that an infant under fourteen years of age is incapable of this offense. For this reason it may perhaps be said that the rule there is supported by reason. In this country, however, it is different. In the first place, we know it to be a fact that with us the male often arrives at puberty before the age of fourteen, and to exempt him from punishment when he has knowingly violated the law, would not only be in the face of the statute itself, but subversive of the proper regard due to it, and of a social condition to be sacredly cherished and upheld. But further than this, we know that climate, race, habit and condition in life largely influence the

physical condition.    With us there is great diversity
in all these respects; and it follows, therefore, that the
arbitrary English rule is not applicable to our condi-
tion.    With us, instead of being founded on reason, it
would contradict both it and fact; it could hardly be
said to be approximately true; and worse than all, it
would suffer a criminal class to walk among the unsus-
pecting and virtuous, with no fear or regard for the
law, thus sapping the very foundation of our social
structure.

Law must conform to the fact and to the condition to
which it applies; and the reason of the English rule
failing, the rule itself must fail.    These views are sup-
ported by the cases of People v. Randolph, 2 Parker
C. C., 174; Williams v. The State, 14 Ohio, 222; and
Hiltabiddle v. The State, 35 Ohio, 52.

It was proper to instruct the jury that if they be-
lieved, from the evidence, that the accused was under
fourteen years of age when the alleged offense was com-
mitted, that then the law presumed him to be incapable
of it; but if, from the evidence, they believed, beyond a
reasonable doubt, that he was physically capable, that
then this presumption could not prevail.    The court
should, however, have submitted to the jury, by a
proper instruction, the question whether he had mind
and discretion sufficient to discern between good and
evil, and to know the wrongful character of the act.
They should have been told, if they believed, from
the evidence, that he was under fourteen years of age
at the time of the alleged commission of the act,
then the law presumes that he did not know it was
wrong; and that this presumption entitled him to an

acquittal, unless they were satisfied, from the testimony, he was then aware of the wrongful character of the act, and of his legal responsibility for it. It is the duty of the trial court to see that the accused has a fair trial. It must see, therefore, that the whole law of the case is given to the jury; and for its failure to instruct the jury as above indicated, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.