## Merchant v. Commonwealth.

(Decided Sept. 21, 1910.)

## Appeal from Franklin Circuit Court.

1.  Rape—Infant Girl under Eight Years of Age—Evidence of Infant
    —Capacity to Testify—Question for Jury.—On appeal of a man
    convicted of rape on a girl eight years old, where the child testi-
    fied to appellant's guilt, and he denied it, no one else being
    present, the jury who heard the evidence and saw the witnesses
    are the best judges as to who was telling the truth.
2.  Infant Witness—Knowledge of Right from Wrong—Credibility for
    Jury.—The law recognizes no exact period of time at which in-
    fants are allowed to testify. Whenever it is apparent that a
    witness knows right from wrong and recognizes that punishment
    from God will follow falsehood, then he or she is permitted to
    testify, and the jury authorized to give such credit thereto as
    they may think it deserves.

ELWOOD HAMILTON and C. B. SCHOOLFIELD, for appellants.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

The grand jury of Franklin county, by an indictment,
accused the appellant, Pearl Merchant, of the crime of
unlawfully and forcibly taking and detaining a woman,
Usetta Williamson, who was an infant female 8 years
of age, against her will, with intent to have carnal knowl-
edge of her person. To this indictment the accused en-
tered a plea of not guilty. A trial before a jury result-
ed in a verdict of guilty, the punishment of the accused
being fixed at confinement in the penitentiary for a term
of two years. Of the judgment based upon this ver-
dict the accused now complains.

The principal complaint on the part of the accused
is that the verdict is contrary to the evidence. On this
point, only two witnesses testified—the little prosecuting
witness for the Commonwealth, and the accused for him-
self. The former testified that the accused took her in
his boat and rowed her up Benson creek for some
distance above where her parents reside, and then, land-
ing, he took her out into a field, among high weeds, and

there did acts to her which, in our opinion, fully constitute the crime with which the accused is charged in the indictment. On the contrary, the appellant testified that he was innocent of all wrong-doing. And there the matter rests so far as the evidence is concerned. If the infant prosecuting witness told the truth, then the defendant is guilty beyond all question. Of course, if his story is true, he is innocent. The jury heard the evidence and saw the witnesses, and they are the best judges as to who was telling the truth. We can not say that they were mistaken in believing the little girl instead of the accused. They evidently gave him the benefit of every doubt, for they fixed his punishment at the lowest period of confinement authorized by the statute.

The defendant also complains that the little girl was so immature in mind that her evidence was not worthy of acceptance by the jury, and the court should have excluded it because of her extreme youth. The law recognizes no exact period of time at which infants are allowed to testify. This depends upon the individual capacity of each witness. Whenever it is apparent that the witness knows right from wrong and recognizes that punishment by the Almighty will follow falsehood, then he is permitted to testify and the jury authorized to give such credit to the testimony as they may think it deserves. We think the court correctly permitted the prosecuting witness to testify in this case. Her testimony shows that she understood what she was saying and exhibited due consciousness of the solemnity of an oath.

We sympathize with counsel for the accused in their complaint that, upon a charge such as this, the jury are often swept away by sympathy or passion and that it is exceedingly difficult to defend a man who is solemnly charged by a female infant with outrage upon her person. But this is a hardship which grows out of the exigencies of the situation, and the law permits the jury to judge of the facts, and we do not feel authorized to give their verdict less weight than the law warrants. We also recognize that there are facts shown by the testimony which militate against the truthfulness of the story of the infant. She did not complain of the attempt upon her person for a long time after it took place, but she explained this by saying that the accused told her not to tell and she was afraid to disobey him.

These considerations were evidently weighed by the jury, for, as said before, they fixed the punishment of the accused at the minimum term authorized by the statute.

Judgment affirmed.