Wan am aker, J.
It will be unnecessary to consider all the many errors complained of. The major ones will be taken up in the order of their importance :
1. That the evidence does not show the degree of force and violence necessary to constitute rape under the first count of the indictment, the defendant having been found not guilty of the second count, charging carnal knowledge with consent.
This involves the weight of the evidence, and it was clearly the province of the jury under proper instructions of the court, which are not here complained of, to consider and weigh the evidence. *401 There was evidence supporting each and every element of the offense charged, of which the defendant was found guilty. The mere fact that there was some evidence tending to show only a small degree of resistance upon the part of the prosecuting witness cannot avail the defendant in this case, by reason of the fact that the laws of Ohio make the complaining witness, 13 years of age, incapable of consent.
This doctrine is clearly announced in 33 Cyc., 1424, as follows:
“Intercourse with a female under the age' of consent at common law, or as thus fixed by the statute of the state in which the offense occurs, is rape, whether she consents or not, as she is in law incapable of consent.”
A large number of authorities are cited in support of this doctrine, among which are the following leading cases: Addison v. People, 193 Ill., 405, 62 N. E., 235; Hanes v. State, 155 Ind., 112, 57 N. E., 704; State v. Day, 188 Mo., 359, 188 S. W., 465; and White v. Commonwealth, 96 Ky., 180, 28 S. W., 340. This doctrine is also further reviewed in the case of State v. Labus, 102 Ohio St., 26, 130 N. E., 161.
Under the record and the law the verdict of the jury is controlling.
2. The defendant complains that the trial judge denied him the right to impeach the reputation of the prosecuting witness, and also of one Agnes Rose, for truth and veracity. Several witnesses were inquired of, as follows:
“Q. Do you know the reputation of Johanna Scholl, for truth and veracity, in the community in *402 which she lives?” (Objected to and objection sustained; to which the defendant took an exception.)
There is no showing in the record as to what witnesses would have testified had they been permitted to answer. Such showing is necessary in direct examination in order that prejudicial error in the exclusion of such evidence, if any, may appear.
Again, no proper foundation had been laid to qualify the witness to testify as to such general reputation. It nowhere appears that the impeaching witnesses lived in the same community as the prosecuting witness or other witnesses sought to be impeached, or that they were generally acquainted with the people who did live in that community, or bad ever heard the subject discussed by any members of that community. There is no showing, therefore, that they had the “means of knowledge” touching the matter inquired of.
No definite fixed form preliminary to impeachment has been laid down by courts touching general reputation for truth and veracity, but surely something in the nature of the impeaching witness’ means of knowledge or acquaintance with the people of that community should appear before he should directly answer the question whether or not “he knew” the reputation.
The chief witnesses attempting to testify as to general reputation were a sister of the defendant, and one Novotney, who had prior thereto served time in the Mansfield reformatory, and was a close companion of the defendant, having left with him for Nevada some time on Sunday, the date of the crime charged.
*403 One other witness, Mike Tosoh, was also put upon the stand to offer like impeaching testimony. It does not appear who Tosch was; whether he had ever lived in that community, or had any acquaintance in the community.
There was no error in the ruling of the court as shown by the record touching the testimony of general reputation for truth and veracity.
3. One of the witnesses for the defense, Mrs. Radke, the mother of the defendant, was asked the following questions:
“Q. Did you hear her, Agnes Rose, talking to any one after she left the witness stand? A. Yes, sir.
“Q. Was she talking about her testimony? A. Yes, sir.
“Q. What did she say about her testimony on the stand?” (Objected to; objection sustained.)
The following appears as the answer that the witness would have made had she been permitted to answer:
“That the Rose girl said that she was afraid to tell the truth because she was afraid that she would have to go away with Johanna Scholl.”
Nowhere in the record does it appear that a foundation was laid for this special impeaching testimony. The rule is well settled that before such testimony can be in any wise competent, the witness Rose would have to be recalled and inquired of concerning this particular statement, which it is claimed she had subsequently made touching her testimony. She was not so recalled or inquired of, and hence the ruling of the court was correct in this respect.
*404 4. Defendant complains that there was error in the testimony of Johanna Scholl touching her former carnal relations with the defendant. Such evidence has been repeatedly held competent for at least two reasons: First, as showing the relation of the parties to each other; and, second, as showing the adulterous or licentious disposition of the defendant toward the prosecuting witness. Boyd v. State, 81 Ohio St., 239, 90 N. E., 355, 135 Am. St. Rep., 781, 18 Ann. Cas., 441, and State v. Reineke, 89 Ohio St., 390, 106 N. E., 52, L. R. A., 1915A, 138. There was no error in this ruling of the court.
5. Defendant complains that the court erred in its charge on the subject of alibi, particularly in the following sentence: “An alibi is a defense easily proven and hard to disprove.” It is not unlikely that this language was adopted from one of the many form books on instructions to juries. This language appears in 1 Blashfield’s Instructions to Juries (2d Ed.), p. 715, Section 327:
“In some decisions it has been held proper to instruct that ‘the defense of alibi is one easily manufactured, and jurors are generally and properly advised by the courts to scan the proofs of an alibi with care and caution’; that the jury ‘are to carefully scrutinize any evidence in relation to an alibi. An alibi is a defense which is easily proven and hard to disprove. Therefore you will be careful and cautious in examining evidence in regard to an alibi.’ ”
Numerous authorities are cited in support of this proposition. As an abstract proposition of the obvious, we think the statement is generally true; but we do not commend it as a correct statement of the law. It is not helpful to the jury, and might in some *405 cases be very harmful to the defendant. Strictly speaking, an alibi is not a defense, and-never was a defense. The burden is always upon the state to show that the defendant was at the time in question at a place where he could have committed the crime, and where any reasonable doubt is raised by the evidence as a whole, whether on the state’s side, or the defendant’s side, or both sides jointly, that reasonable doubt belongs to the defendant, and the testimony touching the whereabouts of the defendant a.t the time the alleged crime charged was committed should not be especially singled out and subjected to a higher degree of caution and scrutiny than any other part of the evidence of a cause.
In this case it is admitted that the defendant was in Cleveland up to 4:30 P. M., on Sunday, the day before Labor Day, upon which Sunday the alleged offense is charged to have been committed. The question is as to what time that day he left Cleveland. The defendant testified that he left Cleveland on a freight train some time between 4:30 and 6 o’clock. As to this hour, he was corroborated by John Novotney. These are the only two witnesses whose testimony may be fairly regarded upon the subject of alibi. The other witnesses of the family merely testified that he left the house about 4 or 4:30 in the afternoon on that Sunday.
Both of above witnesses having been convicted and served time for commission of felonies-, it is not improbable that the court deemed it wise to give the special caution to the jury in the particular sentence complained of. We find no prejudicial error in this respect.
*406 Upon the entire record, and the claims of error therein, we hold that substantial justice has been done in the trial of the defendant upon the several counts of the indictment, and that he was convicted by due process of law.

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur.