## Whitehead v. Stith.

(Decided May 21, 1937.)

704

FINLEY F. GIBSON, JR., for appellant.

WOODWARD, DAWSON & HOBSON, PAUL KEITH, JR., and JAMES ARTHUR for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

In an action brought in the Jefferson circuit court to recover damages for personal injuries alleged sustained by plaintiff as the result of defendant's negligent operation of his car, judgment was rendered in favor of the plaintiff in the sum of $3,000.

Plaintiff, an infant five years of age at the time of his accident, and six years old when he brought this action in the name of his father, as next friend, alleged in his petition that on the afternoon of December 18, 1934, he was attempting to cross Fourth street, just north of Oak street, in Louisville, Ky., when the defendant, by reason of his then negligently operating his automobile while driving it north on Fourth street, caused the same to strike plaintiff, seriously and permanently injuring him about his head, legs, etc., and for which he sought recovery of damages.

The defendant answered, traversing the allegations of the petition, and also by a second paragraph pleaded the plaintiff's contributory negligence as the cause of the accident.

To such plea a demurrer was filed, which was sustained by the court, whereupon, to maintain the issues thus joined, the parties proceeded to introduce their proof.

The testimony of plaintiff and his witnesses tended to show that as plaintiff attempted, on the occasion in evidence, to cross from the west to the east side of Fourth, at a point thereon, it is agreed, some seventy feet north of its Oak Street intersection, and when he was about midway of the street, the defendant, then driving his car northwardly thereon, ran into plaintiff, causing him to be thrown or fall to the street about midway between the north and south street car tracks, permanently injuring him, and which injury plaintiff both alleged and stated was caused by the defendant's actionable negligence in failing to maintain a proper lookout and exercise ordinary care in the operation of his car at the time of its collision with the infant plaintiff.

On the other hand, the testimony for the defendant, strikingly in conflict with the above, is that upon this occasion, when he was driving his car across Oak street, and northwardly on Fourth street, there were both an automobile and street car standing on the west side of Fourth street, north of Oak; that when passing them, he sounded his horn, when almost instantly or immediately thereafter the infant plaintiff suddenly ran out from behind the street car into forcible collision with the left front fender of his automobile, which defendant could in no way avert, and by reason of which the plaintiff received his injuries complained of.

Issues were joined upon the pleadings and evidence, that for the plaintiff tending to show that when this collision occurred there was no street car or automobile standing at the northwest corner of the Fourth and Oak street intersection, serving to prevent defendant's discovering the plaintiff's presence there on the street in time to avert the collision with him as he attempted to cross Fourth street, and that plaintiff did not suddenly run from behind a street car into the side or left fender of defendant's car, but that plaintiff was negligently run into and hit by the front of defendant's car.

Upon submission of the cause to the jury upon the

issues thus joined and the instructions of the court, the jury returned a verdict in favor of plaintiff, whereupon, the defendant's motion and grounds for a new trial, presenting many assignments of error, being overruled, judgment was accordingly entered thereon.

Complaining of this judgment, the defendant has appealed, asking its reversal upon the grounds: (1) That the court erred in refusing to qualify plaintiff, Samuel Covington Stith, before permitting him to testify; (2) that the testimony of the infant plaintiff was incompetent and that the court erred in overruling defendant's motion to strike his testimony from the record and instruct the jury not to consider it; and (3) that instructions Nos. 1 to 5, inclusive, given by the court, were erroneous.

Looking to the first of these objections here urged, it is to be observed that the infant defendant was called as a witness and proceeded to testify, without objection at the time being made by the defendant as to his competency or any voir dire examination asked made by the court for determining the competency of this child to testify as a witness, but that counsel for appellant, when the sixth question was asked witness, objected to it as being leading and at that time also suggested that his attorney should qualify him.

Acting upon the objection only, the court at the time admonished plaintiff's attorney to ask him only such leading questions as were found necessary under the circumstances and, without then qualifying him, permitted the child to continue giving his testimony. However, at the conclusion of his testimony, the court made this brief examination of him:

"By the Court: Do you go to school Sammy? A. Yes.

"By the Court: Go to Sunday School? A. Yes.

"By the Court: Do you know what it means to tell the truth? A. No.

"By the Court: You don't? A. No.

"By Mr. Gibson: I object to all his testimony.

"By the Court: Overruled.

"By Mr. Gibson: Exception."

Also, at the time of this ruling made by the court, finding, from such very limited examination made, the six year old child to be a competent witness, there was then also before it the very informing evidence, manifesting his incapacity to satisfy the intelligence test required, furnished by the answers of the child given to questions asked him by counsel as to whether or not he knew what was the side of an automobile or did he know what was a fender on a car, to both of which he answered, "No." Also, when asked whether or not his father and mother had ever talked to him about the case, he again answered, "No." Such answers it would appear very clearly demonstrated the child's incapacity to truthfully narrate the facts in issue, as to whether he ran into the side or fender of defendant's car, when he stated he didn't know what either was.

For such reason, appellant contends that by these answers there was clearly manifested "an absolute lack of understanding on his part of the nature of an oath, the duty of a witness, and the consequence of misstating the facts," which incapacity, appearing on examination made, was held in Swanigan v. Commonwealth, 240 Ky. 504, 42 S. W. (2d) 726, to fully justify the court's refusal to permit a seven year old boy, there offered as a witness, to testify upon the showing made that the child did not know what it was to be a witness or what would be the result of telling a lie, and wherein we quoted with approval and followed the rule announced in the case of Merchant v. Commonwealth, 140 Ky. 12, 130 S. W. 793, 794, which is as follows:

> "The law recognizes no exact period of time at which infants are allowed to testify. This depends upon the individual capacity of each witness. Whenever it is apparent that the witness knows right from wrong and recognizes that punishment by the Almighty will follow falsehood, then he is permitted to testify and the jury authorized to give such credit to the testimony as they may think it deserves."

In accord therewith, in 28 R. C. L. p. 461, sect. 48, the test of competency of infants as witnesses is thus stated:

> "It is the approved doctrine of modern decisions that the test of an infant's competency to testify is

his ability to receive accurate impressions of the facts to which his testimony relates and to relate truly the impressions received. If he has this understanding and intelligence and appreciates the obligation to speak the truth, he is competent: otherwise, he is not."

By section 605 of our Civil Code of Practice, announcing the statutory test as to the competency of witnesses, it is provided that "subject to the exceptions and modifications contained in section 606, every person is competent to testify for himself or another, unless he be found by the court incapable of understanding the facts concerning which his testimony is offered."

Literally and strictly construing the language of this Code provision, it was, in the earlier case of White v. Commonwealth, 96 Ky. 180, 28 S. W. 340, 341, 16 Ky. Law Rep. 421, held that:

"The intelligence of the witness is the true test of competency, and that must be determined by the court, while the weight to be given to the evidence is for the jury. A child may be ignorant of God, and of the evil of lying, and of the punishment prescribed therefor, both here and hereafter, and yet have sufficient intelligence to truthfully narrate facts to which its attention is directed."

However, this pronouncement of such single test for determining the competency of a child to testify as a witness, that it rested entirely upon his possession of "sufficient intelligence to truthfully narrate facts to which its attention is directed," a fact to be found by the court upon examination, has not been altogether approved and followed in our later opinions as being a sufficiently comprehensive test of competency, when construed as not also embracing a sense of obligation to truthfully testify.

Among the several later cases, declaring additional qualification required, is the case of Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781, 783, wherein the court, in referring to the rule announced in the White Case, supra, said:

"Neither is there any merit in the objection to the testimony of the prosecutrix because of her extreme youth rendering her incompetent as a

witness. We had the question before us in the case of White v. Commonwealth, 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421, wherein the witness testified in this character of prosecution, and it was again considered in the case of Leahman v. Broughton, 196 Ky. 146, 244 S. W. 403. It is shown in those opinions and the authorities referred to and discussed therein that there is no unalterable rule measuring the competency of a witness because of his or her age, and that the true test is: Whether the witness possesses sufficient intelligence to truthfully narrate the facts to which his attention is directed and about which he may be inquired? The rule approved in the Leahman Case was that the infant is competent to testify—'regardles of its age, if it is shown to possess sufficient intelligence and *sense of obligation to tell the truth, although it is unable to explain or even comprehend the mysteries of the future life.'* " (Italics ours.)

Also, it is the rule of this jurisdiction, as well as generally, as declared in the case of State v. Michael, 37 W. Va. 565, 16 S. E. 803, also reported in 19 L. R. A. 605, that while the question of the competency of a witness is a question for the court and not for the jury, when a witness is offered in a criminal case, and a doubt is raised as to the competency of such witness, it is the then duty of the court to determine that question upon a careful examination of the witness as to age, capacity, and moral and legal accountability, and if the proposed witness is an infant of such tender years and mind as to be legally irresponsible for its conduct, and to have no conception of the legal or moral obligation of an oath, nor of the pains and penalties for false swearing, it is not a competent witness; and, further, that if the trial court finds, upon a voir dire examination made of the infant witness, such lack of qualification to exist, it commits a palpable abuse of its discretion should it then permit the witness to testify, which the appellate court may review and, if such abuse of discretion is found to have been committed, for such error the judgment of the circuit court should be reversed. 28 R. C. L. 450, sect. 36; Swanigan v. Commonwealth, supra.

To the reported case there is also given a very

helpful note annotation dealing with the authority of the court upon appeal to review the lower court's determination made as to the competency of children as witnesses.

See, further, State of N. J. v. Antoinette Tolla, 72 N. J. Law, 515, 62 A. 675, 3 L. R. A. (N. S.) 523.

Also see George L. Wheeler v. U. S., 159 U. S. 523, 16 S. Ct. 93, 40 L. Ed. 244, wherein it was held that a boy nearly five and a half years old was a competent witness, where it appeared from his examination that he was intelligent, understood the difference between truth and falsehood and the consequences of telling the latter, and also what is required by the oath which he had taken.

Also see 28 R. C. L. pp. 463-465, holding to such effect, and further holding that there is no distinction as to the competency of children as witnesses made because of the character of the case as to which their testimony may be desired, whether civil or criminal, but applied the principle stated to all cases alike.

To like effect, see, also, the Meade Case, supra.

Further, by section 52 of said text, p. 465, of 28 R. C. L., the rule is thus stated as to the time at which the cross-examination of the witness should be made for determining his competency to testify:

"When a child of tender years is produced as a witness the trial judge, without the interference of counsel further than he may choose or allow, should examine the witness for the purpose of ascertaining whether he possess adequate intelligence and understands the obligation of an oath, and therefore whether he shall be sworn and permitted to testify. It is the duty of the judge to make the examination. He should not act arbitrarily either in admitting or excluding the witness, and if he does so it is grounds for reversal. Furthermore, the court, and not the judge as an individual, is to be satisfied of the competency of an infant offered as a witness, and such a witness should not be admitted on a private examination by the judge."

Also see Hale v. Commonwealth, 196 Ky. 44, 244 S. W. 78.

It is therefore our conclusion that the determina-

tion made by the trial court, based upon its brief examination of the infant witness as to his competency as set out, supra, that the infant witness was competent, when tested by the legal principles announced in the hereinabove cited authorities, was erroneous and that the court in so ruling committed a palpable abuse of its discretion, which may well have been of prejudicial effect upon the substantial rights of the defendant.

However, we do not, by reason of such being our conclusion, intend to intimate or express an opinion as to what may later be found to be the capacity and qualification of the infant plaintiff to testify as a witness upon a later trial of this cause, as it may develop upon his then examination that he possesses these qualifications required of a child to constitute him a competent witness.

We deem it also here expedient, in the likelihood of there being a further trial of this action, to briefly consider appellant's second objection, that instructions Nos. 1 to 5, inclusive, as given by the court were erroneous.

We have carefully considered the appellant's insistence in this as addressed to each of the criticized instructions and the grounds upon which the same is made, and are not inclined to regard the attack as meritorious when these assailed instructions are considered together and interpreted as a whole, as stating the rules of law applicable to the facts here in evidence.

However, it is perhaps not amiss to observe that there could be helpfully added to the wording of instructions Nos. 3 and 5, after the words in No. 3, "and thereafter did not exercise ordinary care to avoid striking the plaintiff," the words "by the means then at his command and under his control," and also by adding the like words to instruction No. 5 after the words "could not by the exercise of ordinary care avoid striking the plaintiff."

While concurring with the position of appellant that by the instructions here given it could be made to appear that the defendant's failure to observe any of the recited duties named in the instructions, as legally imposed on him, must have been the proximate cause of his injuring the plaintiff, we are of the impression that the jury could not fail, under the instructions as given it, when read and considered as a whole and in

connection with the evidence to which they were addressed, to have understood that such was the requirement of the instructions as given.

We have carefully examined the record and considered and analyzed these instructions in the light of the criticisms made of them, and conclude that they were not erroneous as imposing greater or other duties upon the appellant than were under the fact and circumstances here presented legally required of him.

Other questions presented, and not herein decided, are expressly reserved.

However, by reason of the court's error in permitting the infant plaintiff to testify as a witness here prejudicially, we conceive, to the substantial rights of the defendant, when clearly lacking the qualifications required for his being competent to testify, the court's judgment for such error is reversed, and the cause remanded for a new trial consistent with this opinion.