## Thomas v. Commonwealth.

Sept. 28, 1945

481

D. C. Howell for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Clifford Thomas, a lad eleven years of age, was indicted, charged with the crime of rape upon the body of Lorena Treadway, a little girl five years of age. He was convicted under KRS 435.110, the jury fixing his punishment at two years confinement in the State Reformatory. He is here appealing from that judgment, alleging as grounds for reversal the following: (1) The trial court erred by admitting incompetent testimony over the objection and exception of the defendant. (2) The trial court erred by overruling the defendant's motions for a directed verdict, made at the close of the testimony for plaintiff, and again at the conclusion of all the evidence. (3) The verdict was contrary to the law and evidence.

Appellant insists under (1) above, that the court erred to the prejudice of his substantial rights by permitting the prosecuting witness, Lorena Treadway, to testify without first having been qualified. At the time Lorena Treadway was introduced as a witness, she was six years of age. The defendant moved and insisted the court make an examination of the witness in order to determine her qualifications, which motion was overruled, añd to which ruling the defendant objected and excepted. Because of the tender age of the proffered witness, a specific situation presented itself which should have been subjected to judicial scrutiny. It seems to be rather well settled that no rule defines any particular age as conclusive of incapacity. Where the child is so young as to preclude a presumption of competency, the court should make inquiry into his qualifications. The rule adopted by Kentucky, as evidenced by numerous cases, is the rule set forth in the case of Merchant v. Common-

wealth, 140 Ky. 12, 130 S. W. 793, 794, in which the court said:

"The law recognizes no exact period of time at which infants are allowed to testify. This depends upon the individual capacity of each witness."

The earlier common law precedent stressed as all important the eligibility of children to take the oath. The modern trend seems to be that intelligence and not age is the proper test, keeping in mind that there should be, in addition to some consciousness of the duty to speak the truth, the general capacity of the child to observe, recollect, and narrate the facts. The court is the one to determine whether the child has sufficient intelligence measured by the above requirements. Certainly no definite procedural strait-jacket can be outlined for the examination into the aptitude, capacity of understanding, or intelligence of the witness. This record does not disclose any attempt to inquire into the aptitude, intelligence or understanding of the child, or any inquiry into her qualifications, and such failure to examine and expressly find sufficient understanding and testimonial capacity would in itself be sufficient to reverse the judgment herein.

The appellant complains further, under (1) above, of the admission of the blood stained clothes of the little girl. There is no merit in this contention.

The appellant insists upon reversal because the verdict of the jury is contrary to the law and evidence. It is true there is not a mass of evidence. However, the defendant was present and playing with the prosecuting witness and her eight year old brother. The defendant testified they were rolling an automobile tire. The two Treadway children testified they were playing hide and go seek, and that the brother was hiding his eyes and that the defendant and the little girl went to hide. Soon thereafter the little girl came from the hiding place crying and went immediately into the house where she told her mother what had happened. The little girl's clothes were bloody. The defendant went home. He said he walked quietly and unperturbed. His father and mother testified that there was no apparent perturbance. Each of the Treadway children, together with their mother, testified that the defendant ran home as if frightened.

Certainly there was enough evidence to support the jury in its findings.

The appellant complains that the trial court erred in overruling his motions for a directed verdict. He insists the law in this state contemplates the mental capacity to commit and entertain criminal intent, and that in all cases of rape, he should also have the physical capacity to consummate the act. He cites in support thereof the case of Heilman v. Commonwealth of Kentucky, 84 Ky. 457, 460, 1 S. W. 731, 4 Am. St. Rep. 207. This argument would be well taken but for the fact the boy was convicted under KRS 435.110, and not convicted of rape. However, the serious part of this whole matter is the failure of the court properly to instruct because of the age of the defendant. The arbitrary age below which a child is incapable of committing crime is seven. Between .the ages of seven and fourteen, a presumption of incapacity lies, which, however, may be overcome by evidence. Proper instructions where defendants between the age of seven and fourteen are involved are set out in Stanley on Instructions to Juries, Section 908, as follows:

"If the jury believe from the evidence that defendant, C. D., was under fourteen years of age at the time he committed the offense charged in the indictment (if he did commit such an offense), the law presumes he did not know it was wrong, and this presumption entitles defendant to an acquittal, unless the jury believe from the evidence that defendant was then aware of the wrongful character of the act, and of his legal responsibility for it."

These instructions have been approved in Heilman v. Commonwealth, 84 Ky. 457, 1 S. W. 731, 8 Ky. Law Rep. 451, 4 Am. St. Rep. 207; Owsley v. Commonwealth, 125 Ky. 384, 101 S. W. 366, 31 Ky. Law Rep. 5; Watson v. Commonwealth, 247 Ky. 336, 57 S. W. 2d 39.

This court does not feel it should be burdened with a conscious disregard of the rights of this eleven year old child. The trial court in its instructions did not follow the principle as laid down in the approving cases cited above. Consequently, the conclusion is inescapable that error was committed. Therefore, the case must be reversed.