Middleton, J.
In determining the admissibility of the deposition in question a problem is presented which apparently seldom arises. The diligent labor of industrious counsel has failed to produce any authorities wholly in point and the independent research of this court has been equally unproductive. This leads the court to conclude that it has not been a common *528 practice in the United States to present the testimony of children of tender years, particularly in criminal cases, by way of deposition.
Section 10 of Article I of the Ohio Constitution provides in part:
11 # * # provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. * *
Pursuant to this authority the General Assembly of Ohio enacted legislation authorizing the taking of depositions and regulating their use.
Section 13444-1, General Code, provides:
“The rules of evidence in civil causes insofar as the same are applicable, shall govern in all criminal causes except as otherwise provided in this Code.”
Section 13444-10, General Code, provides in part:
‘ ‘ Testimony taken * * * by deposition at the instance of the defendant, or the state, may be used whenever the witness giving such testimony * * * could not for any reason be produced at the trial * * *.”
Section 13444-11, General Code, authorizes the taking of the deposition of a material witness either for the state or for the defendant when such witness resides out of the state or is sick or infirm or about to leave the state; such deposition to be taken under commission issued by the court upon showing of cause in compliance with that section. In this instance the parties complied with the requirements of that section of the Code.
There is no statutory provision having specific refer *529 ence to the taking of depositions of young children and hence no prohibition against such being done.
The most important section of the General Code to be considered in this connection is Section 11493 which provides:
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions -of the facts and transactions respecting which they are examined, or of relating them truly.”
The statutes of Ohio contain nothing which would prohibit the introduction in evidence of the deposition of a child under ten years of age but it is to be presumed that such child must be competent to testify. This means that there must be a determination that the child is capable of receiving just impressions of facts and transactions respecting which it is examined and of relating them truly, in compliance with the requirements of Section 11493. That the child must understand the nature of an oath and the penalties for its violation has long been considered by Ohio courts as inherent in the test of competency prescribed in Section 11493. Such understanding is required by courts generally throughout the United States. 58 American Jurisprudence, 98, Section 130.
When the child is presented in court -and the fact is revealed that the age of ten has not been reached, it is the duty of the trial judge to immediately examine the child, without participation or interference of counsel, to determine the child’s competency to testify. Administration of the oath is postponed until the court has made such determination and has found the child competent. If the court determines that the child is not competent, the child is not permitted to testify and consequently the oath is not administered. 58 Ameri *530 can Jurisprudence, 100, 101, Sections 133 and 134. In this connection the following statements are pertinent:
“Under the common law, competency of a child under the age of fourteen years to testify must be shown to the satisfaction of the court. He is presumptively incompetent, but if he is shown to be competent it is immaterial how young he may be when he testifies. * * * It is the duty of the court to examine the child witness in order to ascertain if he or she is competent.” Underhill’s Criminal Evidence, 722, Section 377.
“* # * this preliminary examination to determine such competency [of the child] should be undertaken exclusively by the trial court.” Wharton’s Criminal Evidence, 2032, Section 1181.
“The preliminary determination of capacity is for the judge, not the jury.” 2 Wigmore on Evidence, 590, Section 497 (c).
In Hughes v. Detroit, Grand, Haven & Milwaukee Ry. Co., 65 Mich., 10, 15, 31 N. W., 603, the court said:
“Any one may take the oath or obligation that accords with his own opinions, but he must do the one or the other. And he must be able to comprehend it. Upon this there is no conflict in the cases. It is necessarily to be left very much to the discretion of the trial judge if he undertakes to exercise that discretion, and acts upon such an examination as satisfies his own mind. He should conduct this examination as in his judgment will be effectual. It cannot safely be left to counsel to make the examination.”
Innumerable cases may be cited which declare the necessity of a preliminary determination by the court as to the competency of a young child to testify, and that “competency” must include an understanding of the significance of the oath. Among such cases are Simpson v. State (1869), 31 Ind., 90; Carter v. State *531 (1879), 63 Ala., 52, 35 Am. Rep., 4; State v. Meyer (1907), 135 Iowa, 507, 113 N. W., 322, 124 Am. Rep., 291; Clinton v. State (1907), 53 Fla., 98, 43 So., 312; Rowe v. State (1924), 87 Fla., 17, 98 So., 613; Whitehead v. Stith (1937), 268 Ky., 703, 105 S. W. (2d), 834; Mullins v. Commonwealth (1939), 174 Va., 472, 5 S. E. (2d), 499; Thomas v. Commonwealth (1945), 300 Ky., 480, 189 S. W. (2d), 686; Muncie v. Commonwealth (1948), 308 Ky., 155, 213 S. W. (2d), 1019; Batchelor v. State (1950), 217 Ark., 340, 230 S. W. (2d), 23.
Although the reported eases do not discuss the problem of presenting the testimony of a child by way of deposition, the necessity of a determination of competency before the child may be examined as a witness is uniformly recognized.
How can this procedure be followed or the requirements of Section 11493, General Code, be satisfied if - the deposition of the child is to be taken in the usual way before a notary public or commissioner outside the presence of the court?
It is universally recognized that testimony given by way of deposition is less satisfactory than testimony given in person in open court where the judge and the jury may observe the witness, note his demeanor and consider his readiness or hesitancy in answering. Consequently a deposition cannot be used unless the absence of the witness can be justified as required by law. Such inherent objectionable aspect of depositions is particularly present with respect to depositions of young children and thus is suggested the great importance of a full and careful examination of the child to determine its competency. Certainly no less, if anything, greater, precaution should be taken to determine the child’s competency when exaniination by way of deposition is proposed than when the child is to testify in open court.
*532 It is the duty of the court to conduct such examination. The child’s appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given are as significant as the words used in answering during the examination, to determine competency. This important principle is recognized in the case of Oliver v. United States (C. C. A. 4, 1920), 267 F., 544, where the court said:
“In determining the competency and intelligence of a witness, the court may and should take into consideration the general appearance and manner of the witness, as well as the statements made by him.”
Such important and necessary observations cannot be made unless the child appears personally before the court. This court has, in effect, so stated in Barnett v. State, 104 Ohio St., 298, 301, 135 N. E., 647, 27 A. L. R., 351, where the opinion quotes with approval, as follows, the language of the Court of Appeals:
“ ‘The trial judge, who saw the children and heard their testimony and passed on their competency, was in a far better position to judge of their competency than is this court, which only reads their testimony from the record, and that record certainly does not show any abuse of discretion on the part of the trial judge in holding them to be competent witnesses. ’ ’ ’
Typed answers to attorneys’ questions read from a deposition cannot convey to the court the full information to which the court is entitled, and the competency of the child cannot be so established.
In the instant case the competency of the child was not determined by the court before the deposition was taken. The child did not appear before the court at any time. The procedure of recording the questions of the attorneys and the answers of the child in the deposition and reading them to the court at trial does not effect compliance with the requirements of Sec *533 tion 11493, General Code. The deposition was not admissible. It should have been rejected at trial and should not have been read to or considered by the trial judge, who in this instance acted as trier of the facts. The error of admitting and considering the deposition was highly prejudicial to the-defendant.
Manifestly, the necessity of a preliminary determination of a child’s competency makes it difficult, and perhaps at times impossible, to so comply with the requirements of the statute as to make the deposition admissible. Any such difficulty, however, is more than counterbalanced .by the salutory effects of the rule of law requiring such determination. By whom may the required determination be made? Must it be made by the trial judge and before the jury? Although some comments of authors of texts and some court decisions indicate that the answer to the second question just stated should be, “yes,” we do not go so far as to agree with that answer. In the instant case the child could have been taken before the judge who later would have presided at the trial and he could then have examined her to determine her competency. Such procedure, in our judgment, would have complied with statutory requirement. That was not done. After the taking of the deposition was begun, the attorneys appeared before the presiding judge of the court in which the case was pending and the prosecuting attorney requested that he as presiding judge examine the child and determine her competency. To this procedure the defendant’s attorney objected and after extended discussion the presiding judge concluded that he lacked jurisdiction to make such determination. That conclusion of the presiding judge we believe was in error. The Common Pleas Court of Summit County, wherein this cause was pending and was to be heard, comprised several judges having equal power and jurisdiction to try the case. We believe that Section *534 11493, General Code, reasonably construed, permits the presiding judge or any other judge of that particular court to make the preliminary examination and determine the child’s competency.
However, contrary to the argument of the prosecution, we do not consider that the objection of defense counsel to such determination being made by the presiding judge estops the defense from urging inadmissibility of the deposition.
Because of the prejudicial error above indicated, the conviction cannot stand and the judgment of the Court of Appeals must be reversed and the cause remanded either for new trial or for judgment of acquittal.
The question remaining is the sufficiency of the evidence to convict after exclusion of the deposition from consideration.
Defense counsel earnestly argue that the remaining evidence is insufficient as a matter of law.
If the trial judge had held the deposition inadmissible when it was offered in evidence, and we believe he should have so ruled, it would not have been read in court or considered by the trial judge. The witness whose deposition was offered admittedly could not be produced as a witness at that trial because she was out of the country. The sufficiency of the evidence to convict must therefore be determined by considering the record exclusive of the deposition.
It is the view of the writer of this opinion that the record, exclusive of the deposition, does not contain evidence of that high degree of probative force and certainty which the law demands to support conviction on any one of the counts of the indictment; that the remaining evidence could not convince any fair-minded juror of guilt beyond a reasonable doubt. This conclusion is not reached by weighing the evidence but by determining its sufficiency. It is, therefore, my belief that the judgment should be reversed and the cause *535 remanded with instructions to the trial court to enter judgment of acquittal upon the two remaining counts. With this conclusion Judge Taft agrees.
It is the opinion, however, of a majority of the court that the cause should be remanded for retrial.
The defendant also claims error in the refusal of the court to require production of certain written statements in connection with the taking of the deposition. Since the entire deposition is held inadmissible there is no need to consider that assignment of error.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Hart, J J., concur.